| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br>1100 Judicial Center Drive<br>Brighton, Colorado, 80601 | DATE FILED: August 30, 2019 1:51 PM<br>FILING ID: 10705BC4C0E9F<br>CASE NUMBER: 2019CV31378 |
| Plaintiff: KEASHA TENNELL,<br><br>v.<br><br>Defendants: AMAZON.COM SERVICES, INC.; AMAZON WEB SERVICES, INC.;<br><br>And<br><br>CHRIS RILEY. | ▲ Court Use Only ▲<br><br>Case No.<br><br>Courtroom: |
| *Counsel for Plaintiff:*<br>Casey Leier, #45155<br>William S. Finger, #7224<br>Finger Law, P.C.<br>29025-D Upper Bear Creek Road<br>Evergreen, Colorado, 80439<br>Telephone: (303) 674-6955<br>Facsimile: (303) 674-6684<br>E-mail: casey@fingerlawpc.com<br>         bill@fingerlawpc.com | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Keasha Tennell ("Ms. Tennell"), by and through counsel, Finger Law P.C., submits this Complaint and Jury Demand ("Complaint") against Defendants Amazon.Com Services, Inc., Amazon Web Services, Inc., ("Amazon" or "Defendant") and Chris Riley ("Mr. Riley" or "Defendant) as follows:

**I.      INTRODUCTION**

1.      This is an action for violations of the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-402 for sex (female) and race (African-American) discrimination, as well as retaliation.

2.      From 2016 to 2018, Ms. Tennell, a young African-American woman, worked for Amazon's fulfillment center located in Adams County, Colorado.

# EXHIBIT A

3. On or about March 11, 2018, Ms. Tennell was terminated from her position wrongfully based on sex, race, and/or for engaging in protected activity. Prior thereto, during her employment, she was harassed by a male co-worker, Chris Riley.

4. As a result of Defendant's illegal conduct, Plaintiff suffered loss of wages and benefits, humiliation, emotional distress, loss of enjoyment of life, and other significant injuries, damages and losses.

## II.  PARTIES, JURISDICTION, AND VENUE

5. Ms. Tennell is and was at all relevant times a resident of Colorado, in Adams, Arapahoe, and/or Denver counties.

6. Amazon is a web services and e-retailer. It conducts a significant portion of its business, and employs a significant portion of its employees, including Ms. Tennell, in Colorado, at its fulfillment center located at 22205 E 19th Ave, Aurora, CO 80019 (Adams County).

7. Mr. Riley is and was at all relevant times a resident of Colorado and was an employee of Amazon at the Adams County fulfillment center.

8. Venue is proper in this Court pursuant to Colo. R. Civ. P. 98 because this action arises, in part, out of events that occurred in Adams County.

9. Jurisdiction of this Court is invoked pursuant to C.R.S. § 13-1-124.

10. This action is authorized and instituted pursuant to the Colorado Anti-Discrimination Act, § 24-34-402, *et seq*.

11. Plaintiff was terminated on or about March 11, 2018. She timely filed a Charge of Discrimination with the Colorado Civil Rights Division on June 29, 2018. She received a Right to Sue letter on June 6, 2018. Plaintiff files the instant complaint within 90 days of the right to sue letters. This case is timely filed.

## III.  GENERAL ALLEGATIONS

12. All prior paragraphs are incorporated herein.

13. Ms. Tennell is a member of protected classes based on sex (female) and race (African-American).

14. Ms. Tennell worked as a Stocker at the Amazon fulfillment center.

15. Mr. Riley, a white male, worked as a Stocker at the Amazon fulfillment center.

16. Ms. Tennell's job duties involved stocking shelves with merchandise, utilizing a scanner to mark and track the merchandise, and operating machinery to move items.

17. Ms. Tennell during the course of her employment came to know Mr. Riley as a co-worker.

18. Mr. Riley, and one or more other male co-worker, began harassing Ms. Tennell during the course of her employment.

19. Mr. Riley would stare at Ms. Tennell's body, particularly focusing on her behind and her breast area, to a level that was clearly and obviously inappropriate.

20. Mr. Riley would make comments, both verbally and by text message and/or email, to Ms. Tennell, which were sexual and inappropriate in nature.

21. Mr. Riley would make inappropriate comments to Ms. Tennell that she was not cut out for the job; that he would get her fired; 'betting' with other, male/white co-workers that she would be fired; and/or comments to that effect.

22. On or about March 18, 2018, on a Friday at the beginning of the shift in the morning, Ms. Tennell became upset with Mr. Riley and other male co-workers' comments, because they were again harassing her.

23. Ms. Tennell first went to her team leader/supervisor, but this supervisor did nothing.

24. Ms. Tennell then went to Human Resources and asked to speak to a representative.

25. Ms. Tennell stated that she wanted to file a complaint of harassment to Human Resources. She specifically stated that she was uncomfortable with male co-workers and stated that the harassment was of an on-going nature.

26. The Human Resources employee did not show interest in assisting Ms. Tennell. The employee did not appear to take notes or attempt to determine if she was in physical danger (Mr. Riley had appeared to show sexual interest in Ms. Tennell).

27. Instead, the Human Resources employee informed Ms. Tennell to go into a room and write out her concern on a piece of paper.

28. Ms. Tennell wrote out a brief statement.

29. After Ms. Tennell was finished writing out a statement, the Human Resources employee continued to show no serious interest in the concern.

30. Ms. Tennell was told that she should send her harassment concern to the Human Resources employee after her shift was over.

31. Ms. Tennell was ordered back to work on the production floor.

32. She was told not to send the statement at the time because "cell phones are not allowed on the production floor."

33. Ms. Tennell was then told that she would have a meeting with the on-site manager, however, after lunch time, no meeting had yet occurred.

34. Ms. Tennell continued to be harassed throughout the morning. She observed the male employees pointing and laughing at her.

35. In the afternoon, Ms. Tennell approached the manager to attempt to discuss her concerns.

36. Ms. Tennell asked the manager if she could take the remainder of the shift off because of the harassment.

37. The manager stated that Ms. Tennell would not be granted time off to go home and to go back to work and wait for a meeting at another time.

38. After hearing that she would need to go back to the area with the males who had been harassing her, Ms. Tennell continued to feel uncomfortable around them and again stated that she needed to leave the area.

39. Ms. Tennell was told by the manager that when she left, she should leave her badge with the security guard at the front desk. She did so.

40. Just one or two days later, on a Saturday or Sunday, a different Human Resources employee called Ms. Tennell and informed her that she was terminated.

## IV. STATEMENT OF CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION
(Violation of Colorado Anti-Discrimination Act, § 24-34-402, against Defendant Amazon, for discriminatory or retaliatory termination and discriminatory, harassing, and/or retaliatory terms and conditions of employment)

41. Plaintiff hereby incorporates by reference the previous paragraphs of this Complaint.

42. Ms. Tennell at all times performed her job duties at and above a satisfactory level.

43. Amazon treated Ms. Tennell less favorably than similarly situated white and/or male counterparts in the terms and conditions of employment.

44. Amazon allowed a hostile and harassing work environment to persist against Ms. Tennell.

4

45. Ms. Tennell was forced to work in said harassing environment, and therefore was subjected to a term or condition of employment which other white and/or male employees were not subjected to.

46. Amazon terminated Ms. Tennell, against subjecting her to an adverse employment action which white and/or male employees were not similarly subjected to.

47. In the alternative or in addition to the aforementioned reasons, Amazon terminated Ms. Tennell in retaliation for her complaint to Human Resources, a protected activity under CADA.

48. Amazon's articulated reasons for Ms. Tennell's termination is merely pretext for unlawful discrimination.

49. Defendant is liable for the acts and omissions of its agents and employees.

50. Defendant either directly or by and through agents, discriminated against Plaintiff on the basis of her sex, race, and/or in retaliation for her protected activity and caused her injuries, damages, and losses.

51. Defendant's conduct was the proximate cause of Plaintiff's injuries, damages, and losses.

52. As a consequence of Defendant's violation of the CADA, Plaintiff has sustained significant economic and consequential damages, including wage and benefit loss, retirement income loss, reputational injury, and emotional upset and anxiety.

**SECOND CAUSE OF ACTION**
(Tortious Interference with an Employment Relationship against Defendant Riley)

53. Ms. Tennell was in an employment relationship with Defendant Amazon.

54. Mr. Riley, a third party to the employment relationship, engaged in conduct which interfered with Ms. Tennell's employment. Namely, harassment in the form of verbal comments of a sexual and/or inappropriate nature, written comments of a sexual and/or inappropriate nature, and physical actions in the workplace of a sexual and/or inappropriate nature.

55. Mr. Riley's actions caused the deterioration and termination of the employment relationship of Ms. Tennell and Amazon.

56. As a consequence of Defendant's tortious actions, Plaintiff has sustained significant economic and consequential damages, including wage and benefit loss, retirement income loss, reputational injury, and emotional upset and anxiety.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in their

favor and against Defendants, and award Plaintiff all relief as allowed by law, including, but not limited to the following:

- Declaratory relief and injunctive relief, as appropriate;

- Economic damages in the form of back pay, future pay loss and loss of retirement benefit pay as established at trial;

- Compensatory damages, including, but not limited to those for future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

- Punitive damages, as deemed appropriate by a jury;

- Liquidated damages for all claims as allowed by law;

- Pre-judgment and post-judgment interest at the lawful rate;

- Attorney's fees and costs;

- Other costs Plaintiff has incurred as a result of the conduct of the Defendants; and

- Such further relief as justice requires and law allows.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATED this 30th day of August, 2019.

FINGER LAW, P.C.

*/s/ Casey Leier*
Casey Leier, #45155
William Finger, #7224
29025-D Upper Bear Creek Rd.
Evergreen, CO 80439
(303) 674-6955
*ATTORNEYS FOR PLAINTIFF*

Plaintiff Address:

Keasha Tennell
c/o Casey Leier, Esq.
29025-D Upper Bear Creek Rd.
Evergreen CO  80439