**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-02889-CMA-KLM

KEASHA TENNELL,

    Plaintiff,

v.

AMAZON.COM SERVICES, INC.,
AMAZON WEB SERVICES, INC., and
CHRIS RILEY,

    Defendants.

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION TO REMAND**

This matter is before the Court on Plaintiff Keasha Tennell's Motion to Remand (Doc. # 31). Plaintiff contends that complete diversity does not exist. Although Defendants Amazon.com Services, Inc. and Amazon Web Services, Inc. (the "Amazon Defendants") assert that Plaintiff waived the right to challenge this jurisdictional defect, they also argue that Plaintiff fraudulently joined Defendant Chris Riley so as to destroy diversity jurisdiction. The Court disagrees. Because complete diversity is absent among the parties and the Amazon Defendants cannot meet their heavy burden of establishing fraudulent joinder, the Court does not have jurisdiction over the instant action. For the following reasons, Plaintiff's Motion to Remand is granted.

## I.     BACKGROUND

This case arises out of Plaintiff's employment discrimination and sexual harassment action filed against the Amazon Defendants and individual Defendant Chris Riley ("Defendant Riley") in the Colorado State District Court for Adams County, Colorado. (Doc. # 6.) On August 30, 2019, Plaintiff filed suit and asserted Colorado Anti-Discrimination Act claims against the Amazon Defendants and a claim for Tortious Interference with an Employment Relationship against Defendant Riley. (*Id.* at 4–5.)

On October 9, 2019, the Amazon Defendants removed this case to this Court solely on the basis of diversity jurisdiction. (Doc. # 1.) Because Plaintiff's Complaint evinces the absence of complete diversity as Plaintiff and Defendant Riley are both citizens of Colorado, the Amazon Defendants turn to the fraudulent joinder doctrine to invoke this Court's jurisdiction. (*Id.* at 5–9.) Requesting that this Court disregard Defendant Riley's citizenship, the Amazon Defendants contend that complete diversity exists and that the amount in controversy exceeds $75,000.00. (*Id.* at 9–16.)

On December 12, 2019, Plaintiff moved to remand this case back to state court. (Doc. # 31.) She argues that the fraudulent joinder doctrine is inapplicable to the instant case because Colorado recognizes a cause of action for tortious interference with an employment relationship as set forth in the Colorado Supreme Court's *Brooke v. Restaurant Services, Inc.*, 906 P.2d 66 (Colo. 1995) decision. (*Id.* at 7–10.) On December 27, 2019, the Amazon Defendants responded and aver that Plaintiff waived her right to challenge diversity jurisdiction under the "forum-defendant rule." (Doc. # 34 at 3–6.) Moreover, the Amazon Defendants contend that Plaintiff fraudulently joined

Defendant Riley to her Complaint because "there is no possibility that Plaintiff will be able to establish liability against [Defendant] Riley based upon the only claim alleged against him—tortious interference with an employment relationship." (*Id.* at 7–10.) On January 10, 2020, Plaintiff replied to the Amazon Defendants' Response. (Doc. # 37).

For the reasons that follow, because challenges to subject matter jurisdiction cannot be waived and it is plausible that Colorado would recognize Plaintiff's claim against Defendant Riley, Plaintiff's Motion to Remand is granted.

## II. APPLICABLE LEGAL PRINCIPLES

A defendant may remove a state civil action to federal court if the federal district court has subject matter jurisdiction. 28 U.S.C. § 1441. A federal court has subject matter jurisdiction over cases in which there is complete diversity of citizenship, that is the civil action is "between citizens of different States[,]" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Section 1332(a) requires "complete diversity," *i.e.*, no plaintiff may be the citizen of a state of which any defendant is also a citizen. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

Citizenship of all properly joined parties must be considered in determining diversity jurisdiction. *Frontier Airlines, Inc. v. United Air Lines, Inc.,* 758 F. Supp. 1399, 1403 (D. Colo. 1989). However, "[i]f the plaintiff fails to state a cause of action against [the] resident defendant who defeats diversity, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent" and that party is disregarded for jurisdictional purposes. *Id.* at 1403–04. This is not an easy showing to make. A federal court may not "pre-try, as a matter of course, doubtful

issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, Rock Islands & Pac. R.R. Co.,* 378 F.2d 879, 882 (10th Cir. 1967). In other words, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court." *Frontier Airlines,* 758 F. Supp. at 1404; *see also Montano v. Allstate Indem.,* No. 99-2225, 2000 WL 525592, at *1–2, 211 F.3d 1278 (10th Cir. Apr. 14, 2000) (unpublished) (to prove fraudulent joinder, the removing party must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court).

The burden of proving that removal is proper falls on the party asserting diversity jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Removal statutes are construed strictly and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). The Amazon Defendants' burden here is substantial. *See, e.g., Montano*, 2000 WL 525592, at *1 (noting the "heavy burden on the party asserting fraudulent joinder"). Although the court may look beyond the pleadings to determine whether the joinder was fraudulent, *see Frontier Airlines,* 758 F. Supp. at 1404–05, the standard for such review "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano,* 2000 WL 525592, at

\*2. To that end, the federal court must "resolve any doubts in favor of the [p]laintiff and against the exercise of federal jurisdiction." *Torres v. Am. Fam. Mut. Ins. Co.,* No. 07-cv-1330-MSK-MJW, 2008 WL 762278, at \*3 (D. Colo. Mar. 19, 2008). Moreover, a plaintiff need not show that all claims are proper; "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano,* 2000 WL 525592, at \*2. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Spataro v. Depuy Orthopaedics, Inc.*, No. CIV 08-0274 JCH/LAM, 2009 WL 382617, at \*5 (D.N.M. Jan. 9, 2009) (citing *Montano,* 2000 WL 525592, at \*2).

### III.     ANALYSIS

**A.     WHETHER DIVERSITY JURISDICTION EXISTS**

Plaintiff challenges only the complete diversity requirement. *See generally*, (Doc. # 31). As such, the Court considers whether complete diversity exists to determine whether remand is warranted. However, the Amazon Defendants raise the threshold issue of whether Plaintiff's Motion is timely (Doc. # 34 at 3–4); thus, the Court first addresses timeliness.

The Amazon Defendants argue that Plaintiff's Motion to Remand is untimely under the "forum defendant rule" because she attacks removal on procedural, not jurisdictional, grounds. (*Id.* at 3.) 28 U.S.C. § 1447(c) provides that a party objecting to removal based on a "defect other than the lack of subject matter jurisdiction" must file a motion to remand within thirty days of removal. Given that Plaintiff filed her Motion to Remand after the thirty-day period, the Amazon Defendants contend that Plaintiff

cannot now challenge jurisdiction based on the fact that Defendant Riley is a citizen of Colorado. (*Id.* at 4–5.) However, the Court disagrees.

The Amazon Defendants obfuscate the forum defendant rule and misstate Plaintiff's position. A cursory review of the Motion evinces that Plaintiff challenges diversity of citizenship—not that the Amazon Defendants' removal was procedurally deficient. 28 U.S.C. § 1441(b)(2) provides that a "civil action **otherwise removable** solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (quoting 28 U.S.C. § 1441(b)(2)) (emphasis added). The forum defendant rule is predicated on the assumption that the civil action was otherwise removable solely on the basis of diversity jurisdiction. *See Herrera v. Las Cruces Pub. Schs.*, 695 F. App'x 361, 365 (10th Cir. 2017). The forum defendant rule is a procedural, not jurisdictional, one, and as such, a challenge based on this rule may be waived if it is not brought within thirty days after the filing of the notice of removal. *Id.*; 28 U.S.C. § 1447(c).

The instant case has never been otherwise removable based on diversity jurisdiction. Indeed, Plaintiff challenges this Court's jurisdiction over the matter—not that removal was procedurally defective. (Doc. # 31 at 2–3, 5–7.) In Plaintiff's only Complaint, she asserts a claim against Defendant Riley who, as Plaintiff alleges, is a Colorado citizen. (Doc. # 6; Doc. # 31 at 6.) Thus, Plaintiff notes correctly that Defendant Riley's residency and status as a Colorado citizen "prevents a diversity of citizenship of the parties." (Doc. # 31 at 6, ¶ 20.) Moreover, it is axiomatic that a party

6

never waives a challenge to jurisdiction and "may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). As a result, the forum defendant rule is not applicable to the instant case,[1] and Plaintiff's Motion to Remand based on a jurisdictional challenge is timely.

**B.     WHETHER DEFENDANT RILEY WAS FRAUDULENTLY JOINED**

The Amazon Defendants argue that Plaintiff fraudulently joined the non-diverse Defendant Riley and asserted an incognizable claim for tortious interference with an employment relationship against him. (Doc. # 34 at 6–8.) Thus, their fraudulent joinder argument depends on (1) whether Colorado recognizes a claim for tortious interference with an employment relationship, and (2) whether Plaintiff obviously failed to state such a claim against Defendant Riley.

    1.     <u>Whether Colorado Recognizes a Claim for Tortious Interference with an Employment Relationship</u>

In their Notice of Removal (Doc. # 1) and Response to Plaintiff's Motion to Remand (Doc. # 34), the Amazon Defendants argue that "there is no possibility that Plaintiff will be able to establish liability against Riley based upon the only claim alleged

---

[1] The Amazon Defendants attempt to use the forum defendant rule to preclude Plaintiff from challenging diversity jurisdiction based on when Defendant Riley was served. (Doc. # 34 at 5–6.) Such utility would enable the procedural forum defendant rule to swallow whole substantive jurisdictional challenges based solely on when a defendant was served. Converting jurisdictional challenges to an arms race between removal and service of a complaint has no basis in law. Either this Court has diversity jurisdiction, or it does not. That the Amazon Defendants removed this case before Defendant Riley was served is of no moment for determining whether this Court has jurisdiction in the first place.

against him—tortious interference with an employment relationship." (Doc. # 34 at 7; Doc. # 1 at 7–8.) Specifically, they contend that Colorado does not recognize "a claim for tortious interference with employment that is not based upon an employment *contract*." (Doc. # 34 at 7–8 (emphasis in original).) Although Plaintiff asserts that the Colorado Supreme Court's *Brooke* decision demonstrates that Colorado recognizes a claim for tortious interference with an employment relationship (Doc. # 31 at 8–9), the Amazon Defendants seek to distinguish *Brooke* on the grounds that Plaintiff did not have a "contract" with Amazon and her employment was at will. (Doc. # 34 at 8.) As such, the Amazon Defendants posit that Plaintiff "does not and cannot state a claim for tortious interference with employment contract[.]" (*Id.* at 8.)

In Plaintiff's Reply in Support of her Motion to Remand, she avers that the Amazon Defendants' reliance on the at will employment contract distinction is misplaced. (Doc. # 37 at 8.) Despite the fact that the *Brooke* decision does not address whether that employee's contract was terminable at will, Plaintiff further asserts that Colorado federal courts, applying Colorado law, have determined that Colorado recognizes a tortious interference with employment relationships that were terminable at will. (*Id.* at 8–9 (citing *Jandro v. Foster*, 53 F. Supp. 2d 1088 (D. Colo. 1999)).) The Court agrees with Plaintiff.

The Amazon Defendants fail to meet their heavy burden of proving that there is no possibility that Plaintiff could state a claim for tortious interference with an employment relationship against Defendant Riley. As a preliminary matter, it is plausible that Colorado recognizes a claim for tortious interference with an employment

8

relationship. In *Brooke*, the plaintiff asserted three claims against her employer and the president and principal stockholder of the company. 906 P.2d at 67. Two of the *Brooke* plaintiff's claims were asserted against the employer and president and the other claim was one brought against only the president for tortious interference with her employment. *Id.* The first two claims were dismissed, and the trial court granted summary judgment on plaintiff's tortious interference claim after trial began. *Id.* The plaintiff appealed only the summary judgment issue and the Colorado Court of Appeals affirmed. *Id.* However, the Colorado Supreme Court reversed and held that the CADA neither supplanted common law remedies that were otherwise available to victims of sexually discriminatory conduct in the workplace nor required plaintiff to exhaust administrative remedies prior to bringing a tort claim such as a tortious interference with an employment relationship claim. *Id.* at 70–72. Although the Colorado Supreme Court revived plaintiff's tortious interference claim on these grounds, the court did not define the contours of such a claim, including whether the claim turned on a certain type of employment contract or that the employment relationship was terminable at will.

This Court is persuaded by the *Jandro v. Foster* decision in determining that Colorado may recognize a claim for tortious interference with an employment relationship. 53 F. Supp. 2d at 1099. In *Jandro*, the plaintiff survived a motion to dismiss as to his intentional interference with a prospective business advantage against a district attorney when the district attorney facilitated an ultimatum that led to plaintiff's termination after the district attorney discovered that plaintiff investigated improper sexual conduct of the district attorney. *Id.* at 1092–94. Applying Colorado law, the

federal district court determined that plaintiff "alleged sufficient facts to create an inference that [the district attorney's] actions in interfering with plaintiff's continued employment relationship with" the district attorney's office even though he was employed on an at will basis. *Id.* at 1093, 1099. The *Jandro* court relied upon Colorado law for the proposition that a plaintiff's "status as an at-will employee does not preclude [an intentional interference] claim because even a contract terminable at will is entitled to some protection from tortious interference." *Id.* at 1099 (citing *Mem'l Gardens, Inc. v. Olympian Sales & Mgmt. Consultants, Inc.*, 690 P.2d 207 (Colo. 1984); *Zappa v. Seiver*, 706 P.2d 440, 442 (Colo. App. 1985) (citing Restatement (Second) of Torts § 766, cmt. g (1979) ("Until terminated, an at will contract is valid and subsisting, and a stranger to the contract has no right to interfere improperly with it."))).

The *Jandro* decision is consistent with Colorado and Tenth Circuit precedent recognizing a tortious interference with contract claims in a non-employment context where the contract is terminable at will. *See Zelinger v. Uvalde Rock Asphalt Co.*, 316 F.2d 47, 50–51 (10th Cir. 1963). In *Zelinger*, the Tenth Circuit observed that the "Colorado rule is that an action for damages will lie against one who intentionally and without justification interferes with or induces a breach of a contractual arrangement between others, even though the contract is terminable at the will of either party." *Id.* at 50–51 (citing *Watson v. Settlemeyer*, 372 P.2d 453.) Indeed, Colorado law is clear that "even a contract terminable at will is entitled to some protection from tortious unwarranted interference." *Mem'l Gardens, Inc.*, 690 P.2d at 212 n.8. The *Jandro* court simply extended these foundational principles to the employment setting where an

employment relationship was terminable at will. Accordingly, there is at least the possibility that a Colorado state court may recognize a claim for tortious interference with an employment relationship; and, for purposes of concluding that this fraudulent joinder argument fails, that is enough.

    2.    <u>Whether It Is Possible for Plaintiff to State a Claim for Tortious Interference with Employment Relationship</u>

The Amazon Defendants next assert that, assuming *arguendo* that Colorado recognizes a claim for tortious interference with an employment relationship, Plaintiff's Complaint is devoid of factual allegations sufficient to state such a claim. (Doc. # 34 at 9–10.) They posit that because Defendant Riley was a co-worker as opposed to a supervisor, he "had no involvement in the decision to terminate Plaintiff's employment or ability to influence that decision[,]" and as such, Plaintiff cannot establish her tortious interference claim. (*Id.* at 9.) In Plaintiff's Motion to Remand, she articulates her factual basis for alleging that Defendant Riley interfered in her employment relationship with Amazon: Defendant Riley's alleged conduct encompassed text and verbal communications to Plaintiff that were sexual in nature and inappropriate, that she was not "cut out for the job," "that he would get her fired," and that he bet with other co-workers "that she would be fired." (Doc. # 31 at 7–8; Doc. # 6 at 3, ¶¶ 17– 22.) Plaintiff further alleges that Defendant Riley's conduct "caused the deterioration and termination of the employment relationship of" Plaintiff and Amazon in support of her tortious interference claim. (Doc. # 6 at 5, ¶ 55.)

The Amazon Defendants likewise fail to meet their heavy burden of showing that there is no possibility that a state court would find that the complaint fails to state a

Case 1:19-cv-02889-CMA-KLM Document 38 Filed 02/26/20 USDC Colorado Page 12 of 14


cause of action against Defendant Riley. *Frontier Airlines,* 758 F. Supp. at 1404. Again, the standard for such review "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)[.]" *Montano,* 2000 WL 525592, at *2. "If there is even a possibility that a state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court." *Frontier Airlines,* 758 F. Supp. at 1404.

The Amazon Defendants argue that Plaintiff's tortious interference claim is deficient because she asserts that claim against her co-worker as opposed to a supervisor. (Doc. # 34 at 9.) But determinations as to whether Defendant Riley was involved in the decision to terminate Plaintiff or had the ability to influence that decision are beyond this Court's duty at this stage; indeed, this Court may not "pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot,* 378 F.2d at 882. Additionally, because the *Brooke* court does not define the parameters of a claim for tortious interference with an employment relationship, this Court cannot determine whether Plaintiff's allegations against Defendant Riley as a co-worker render her claim defective. Of course, any doubts must be resolved "in favor of the Plaintiff and against the exercise of federal jurisdiction," *Torres*, 2008 WL 762278, at *3, including doubts as to "all factual and legal issues." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). For that reason, "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Spataro*, 2009 WL 382617, at *5 (citing *Montano,* 2000 WL 525592, at *2). As a result, this Court determines that because there is a

possibility that Plaintiff's allegations are sufficient to state a plausible claim for tortious interference with an employment relationship against Defendant Riley, it "must find that the joinder was proper and remand the case to state court[,]" *Frontier Airlines,* 758 F. Supp. at 1404, even if the state court were to dismiss this claim "after an intricate analysis of state law." *Spataro*, 2009 WL 382617, at *5.

Accordingly, the Amazon Defendants have not demonstrated that Plaintiff fraudulently joined Defendant Riley so as to so as to destroy diversity jurisdiction. Therefore, complete diversity is absent among the parties and the Court does not have jurisdiction over the instant action. As such, Plaintiff's Motion to Remand is granted.

**C.     ATTORNEYS' FEES**

Plaintiff asks this Court to award attorney fees and costs incurred as a result of removal pursuant to 28 U.S.C. § 1447(c). The Court does not agree that the Amazon Defendants had "no objectively reasonable basis for removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although they did not meet their high burden to demonstrate fraudulent joinder with regard to Defendant Riley, *see Montano,* 2000 WL 525592, at *1, given the dearth of Colorado case law addressing the contours of a claim for tortious interference with an employment relationship, the Amazon Defendants presented plausible arguments regarding potential deficiencies in Plaintiff's Complaint. *See Martin*, 546 U.S. at 140 (the appropriate test for awarding fees should not undermine Congress' basic decision to afford defendants a right to remove as a general

matter). Therefore, the Court views this case[2] as one that does not warrant attorney fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion to Remand (Doc. # 31) is GRANTED. This case is REMANDED to the Colorado State District Court for Adams County, Colorado, for further proceedings. The parties shall bear their own costs and fees associated with removal.

DATED: February 26, 2020

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] The Court also notes that Plaintiff argues that she is entitled to attorney's fees and costs because the Amazon Defendants removed the case without conferring. (Doc. # 31 at 2, ¶¶ 7–8.) However, Plaintiff fails to cite to any authority supporting this proposition. Because removal is a procedural right as opposed to a motion, D.C.COLO.LCivR 7.1's duty to confer requirement is not applicable to Defendant's removal of the case.